UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF EVERETT, a Washington municipal corporation,

    Plaintiff,

v.

PURDUE PHARMA L.P., a Delaware limited partnership; PURDUE PHARMA, INC., a New York corporation; THE PURDUE FREDERICK COMPANY, INC., a New York corporation; and JOHN AND JANE DOES 1 THROUGH 10, individuals who are executives, officers, and/or directors of Purdue,

    Defendants.

Case No. C17-209 RSM

ORDER DENYING MOTION TO CERTIFY QUESTION TO WASHINGTON STATE SUPREME COURT

This matter comes before the Court on Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc. (collectively, "Purdue")'s Motion to Certify Question to the Washington Supreme Court. Dkt. #31. Purdue argues that the following questions should be certified: "Does Washington recognize the municipal cost recovery rule, which holds that municipal costs incurred in the rendering of public services are not a

ORDER DENYING MOTION TO CERTIFY QUESTION TO WASHINGTON STATE SUPREME COURT - 1

cognizable form of tort injury?" *Id*. at 1. Purdue seeks this relief because the Court declined to apply the municipal cost recovery rule, which has not been addressed by a Washington court, in ruling on Purdue's Motion to Dismiss. *Id*. at 2 (citing Dkt. #27 at 14). Purdue argues, *inter alia,* that courts in other jurisdictions have certified similar questions and that public policy considerations weigh in favor of certification in this case. *Id*. at 3–4.

In Response, the City of Everett argues that, pursuant to RCW 2.60.020, certification is appropriate only "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding…" Dkt. #39 at 8 (citing *Peterson v. Graoch Associates No. 111 Ltd. P'ship*, 2012 WL 254264, at *2 (W.D. Wash. Jan. 26, 2012) (emphasis omitted). Everett argues that:

> …Purdue's extraordinary request is an improper misuse of the procedures for certification. "The Washington State Supreme Court does not operate as a court of appeals for decisions of this Court." *Hann v. Metro. Cas. Ins. Co.*, 2012 WL 3098711, at *3 (W.D. Wash. July 30, 2012). As this Court has made very clear, Purdue "should not be allowed 'a second chance at victory' through certification by the appeals court after an adverse district court ruling." *Robertson v. GMAC Mortg. LLC*, 2013 WL 2351725, at *1 (W.D. Wash. May 30, 2013). Accordingly, Purdue does not (and cannot) overcome the strong presumption "against certifying a question to a state supreme court ***after the federal district court has issued a decision***." *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008) (emphasis added).

Dkt. #39 at 7. Everett argues that federal courts are not precluded from affording relief "simply because neither the state supreme court nor the state legislature has enunciated a clear rule governing a particular type of controversy or claim." *Id.* at 12 (citing *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1391 (9th Cir. 1994). Rather, "[w]hen a state's highest court has not yet ruled on an issue, [federal courts] must reasonably determine the result that the highest state

ORDER DENYING MOTION TO CERTIFY QUESTION TO WASHINGTON STATE SUPREME COURT - 2

court would reach if it were deciding the case." *Id.* (citing *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 778 (9th Cir. 2017)).

On Reply, Purdue does not deny any of the above legal authority, but argues that the circumstances are different here and that when a case raises "issues of state law that could carry considerable weight, a federal court sitting in diversity should defer to the state supreme court to make those decisions," even where it had previously ruled on the issue. Dkt. #47 at 4 (citing *Brady v. Autozone Stores, Inc.*, 2016 WL 7733094, at *1 (W.D. Wash. Sept. 6, 2016)).

"The decision to certify a question to a state supreme court rests in the sound discretion of the district court." *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003). The Court finds that Purdue has not met its burden of demonstrating that certification is necessary to dispose of this proceeding, given that Purdue has moved *after* the Court's adverse ruling on its Motion to Dismiss, and given the Court's sound basis for that ruling. The Court finds that Purdue is essentially seeking to appeal the Court's decision, or to delay resolution of this matter, which the Court notes was removed from state court by Purdue. These are not valid bases for certifying a question to the Washington State Supreme Court.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Certify Question to the Washington Supreme Court (Dkt. #31) is DENIED.

DATED this 30th day of November 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO CERTIFY QUESTION TO WASHINGTON STATE SUPREME COURT - 3